HENRY TINSLEY *v.* WM. H. TINSLEY, ET AL.

**Release of Surety.**

>  A surety on a note, who takes a mortgage from his principal to indemnify him from loss by reason of his suretyship, is not released thereon by transferring the mortgage to the holder of the note, who had received conveyance of the property described in such mortgage.

APPEAL FROM NELSON CIRCUIT COURT.

January 4, 1877.

OPINION BY JUDGE COFER:

The mortgage executed to W. H. Tinsley, to indemnify him against loss on account of his suretyship for Henry Tinsley on the note of the latter to the appellees, inured to the benefit of the appellees, and he had a right, independent of the attempted transfer

of the benefits of the mortgage to him, to enforce it in this suit. *Moore v. Moberly, 7* B. Mon. 299, and authorities there cited.

Counsel for the appellant argues the question, however, on the assumption that W. H. Tinsley was released from liability, and that as the mortgage was primarily for his indemnity and can only be enforced through him, that his release satisfied and discharged the mortgage. We have no doubt, if the premises of counsel be correct, this conclusion would follow. But are his premises correct? It was averred in the answer that W. H. Tinsley failed in business; that the appellant procured from him a deed to the mortgaged property for the purpose of depriving the appellees of their homestead and other exempted property, and to defraud them, and in consideration of said transfer did release the said W. H. Tinsley from all liability as surety.

There was no formal attempt to release W. H. Tinsley, and he was sued in this action, made no defense, and judgment was rendered against him. The averment in the answer that he had been released in consideration of the transfer of the mortgage, if intended as an averment of a substantive fact, was not good; but we presume it was not so intended, but that the intention was merely to assert that as matter of law the transfer did release him. But however that may be the transfer vested in the appellees no right or benefit they did not possess before, and if appellant had agreed to release W. H. Tinsley if he would make the transfer there would have been no consideration for the agreement, and it would therefore have been ineffectual. In any view of the subject we are of opinion that this part of the defense failed. The agreement to pay interest at ten per cent., the interest to be paid semi-annually until the maturity of the note, was not usurious. Wherefore the judgment is *affirmed*.

*C. T. Atkinson, for appellant.*

*Muir & Wickliffe, for appellees.*