## ROSINA MUELLER vs. JACOB BARGE.

Argued June 26, 1893. Affirmed July 26, 1893.

**Facts Stated.**

The plaintiff and defendant became sureties for W. on his note for $4,000. The defendant and one V. became sureties for W. on his note for $10,000, W. at the same time, by a written assignment, pledging certain stock to the defendant and V., for the expressed purpose of securing them for their liability on both notes, without discrimination. Instrument so construed.

**Indemnity Applied pro Rata.**

The indemnity *held* to be applicable *pro rata* to both obligations.

**Both Sureties on the Note for $4,000 Entitled to Share.**

Plaintiff became entitled to share with defendant in the benefit of that security.

**All Sureties Entitled to Share in Security Obtained by any One of Them.**

It is a principle of equity that, if one of several cosureties receives security for his own indemnity, it inures also to the benefit of his cosureties, even though he was induced only by means of the security to become a surety, and his cosureties were ignorant that the security had been given.

**Parol Proof to Vary Written Agreement.**

Proof of a prior agreement between the parties to the written assignment different from its terms would not change the legal effect of the instrument.

**A Legal Right is not Waived by Language Indicating Ignorance of It.**

Language indicating ignorance of a legal right considered as no proof of a waiver of that right.

Appeal by defendant, Jacob Barge, from an order of the District Court of Hennepin County, *Seagrave Smith*, J., made February 21, 1893, denying his motion for a new trial.

On October 5, 1888, Herman Westphal borrowed of Jonas F. Brown $4,000 and gave his note therefor due in six months. Jacob Barge and John B. Mueller indorsed the note as sureties. This note was renewed for five months more, and then, on September 5, 1889, each of the sureties paid a half of it. On January 25, 1889, Westphal borrowed of Henry F. Brown $10,000, and gave his notes therefor, on which Jacob Barge and John Van Der Horck were sureties. On January 30, 1889, Westphal assigned to Barge and Van Der Horck eighteen shares of stock in the Germania Brewing Company, for the purpose of securing them as indorsers on his note of January 25, 1889, to Henry F. Brown, and also to secure Jacob Barge as indorser on the note for $4,000 to Jonas F. Brown. On July 25, 1890, Barge and Van Der Horck realized $9,000 from a sale of these shares. They claimed to apply it all upon the debt of Henry F. Brown. Westphal became insolvent.

On July 12, 1890, John B. Mueller died, testate, at Minneapolis. He devised and bequeathed all his estate and property to his widow, the plaintiff Rosina Mueller. The estate was administered in the Probate Court of Hennepin County, his debts were paid, and all his property, claims and choses in action, by final decree, were assigned to the plaintiff. She brought this action July 26, 1892, claiming that the $9,000 realized should be applied *pro rata* upon both the debts, and that she was entitled to one-seventh of it, with interest. The trial court so held and instructed the jury to return a verdict for plaintiff for $1,285.72 and interest from July 25, 1890. Barge appeals.

*Grethen & McHugh* and *Kellogg & Laybourn*, for appellant.

The court upon the trial of the case below considered the instrument of assignment of the stock by Westphal to Barge and Van Der Horck as decisive of the controversy, upon the theory that it was a

contract and the rights of all parties must be ascertained therefrom, and that oral evidence was not admissible, and rejected the testimony whereby defendant sought to show that the assignment and turning over of this stock to him and Van Der Horck was accomplished as a condition precedent to their becoming liable on the $10,000 note to Henry F. Brown.

The right to contribution does not arise out of contract, but from equity. Brandt, Suretyship, § 226; *Barry* v. *Ransom*, 12 N. Y. 462; *Golsen* v. *Brand*, 75 Ill. 148; *Wells* v. *Miller*, 66 N. Y. 255; *Fletcher* v. *Grover*, 11 N. H. 368. The parties must be co-sureties, not only for the same principal but for the same indebtedness. In this case the indebtedness was not the same, nor to the same parties upon the two notes.

There is no equity in making Barge and Van Der Horck share with Mueller the benefit of securities that were exacted by them as a condition precedent to, and as an indemnity for, their becoming liable on the note for $10,000. *Brown* v. *Ray*, 18 N. H. 102. To give such effect to the assignment of the stock is a violation of every principle of common sense, inasmuch as both Barge and Van Der Horck would have to be the losers by letting Mueller share in the proceeds. On the other hand, it must be concluded that it was the intention that the proceeds be first applied on the note for $10,000 and the balance on the note for $4,000. This is what defendant sought to prove, but was prevented, and the evidence excluded. Brandt, Suretyship, § 227; *John* v. *Jones*, 16 Ala. 454; *Paul* v. *Berry*, 78 Ill. 158; *Robertson* v. *Deatherage*, 82 Ill. 511; *Crayton* v. *Johnson*, 27 Ala. 503.

Had the court admitted the parol evidence the relations of the parties would have been fully shown, as we were entitled to have them shown in the action. *Barry* v. *Ransom*, 12 N. Y. 462; *Wells* v. *Miller*, 66 N. Y. 255; *Hendrick* v. *Whittemore*, 105 Mass. 23.

*A. D. Smith*, for respondent.

If the securities transferred had been worth, as probably all parties assumed they were, their face value of $18,000, the sum realized from the sale would have been sufficient to pay both notes. Inasmuch as they were not worth that amount they must be applied *pro rata* to the exoneration of both notes. The defendant did not do

so and is liable.   *Brown* v. *Ray,* 18 N. H. 102;   *McCune* v. *Belt,* 45 Mo. 180;   *Moore* v. *Moberly,* 7 B. Mon. 299;   *Currier* v. *Fellows,* 27 N. H. 366.

The securities obtained by the defendant and Van Der Horck inured to the benefit of their fellow sureties on both notes, and should have been applied *pro rata* on both notes, and the respective sureties should have paid the balance left after such application. Brandt, Suretyship, § 233; White & T. Lead. Cas. Eq. (3d Am. Ed.) 62; *Miller* v. *Sawyer,* 30 Vt. 412;   Colebrooke, Collat. Sec. § 230.

DICKINSON, J.   The plaintiff is the widow and sole legatee of John B. Mueller, whose estate has been fully administered and settled.   In October, 1888, Mueller and the defendant indorsed, and became liable as sureties for one Westphal on a promissory note of the latter to one Jonas F. Brown, for $4,000, payable six months thereafter.   At its maturity, in April, 1889, the note was not paid, and Westphal executed another note in its place, upon which also Mueller and Barge became sureties.   When this note matured, Mueller and Barge gave their individual notes for the debt, which were subsequently paid, Mueller or his estate and Barge each paying $2,000.   In the mean time, in January, 1889, Westphal gave his note for $10,000 to one Henry F. Brown, which Barge, one Van Der Horck, and another indorsed for his accommodation.   At that time, Westphal, by a written instrument, executed by him, assigned to Barge and Van Der Horck certain shares of stock owned by him, which are recited to have been of the face value of $18,000, "for the purpose [as was expressed in the writing] of securing them as indorsers of my note given to Henry F. Brown, dated January 25, 1889, for the sum of $10,000; also to secure the said Jacob Barge as indorser of my note to Jonas F. Brown, for $4,000."   The pledgees were expressly authorized to make this indemnity available by a sale of the stock.   Barge and Van Der Horck at length performed their obligation as indorsers by paying the $10,000, each paying $5,000.   From a sale of the securities assigned to them, they realized the sum of $9,000, which they appropriated for their indemnity or reimbursement.   Westphal is insolvent.   By reason of the cosuretyship of Mueller and Barge as to the $4,000 note, the plaintiff seeks by this action to compel contribution from Barge on account of the

security thus received and made available by him. The court directed a verdict for the plaintiff for a specified sum.

1. The instrument by which Westphal transferred the stock to Barge and Van Der Horck was of clear and unambiguous meaning. By it the stock was pledged to them to indemnify them on account of their suretyship on both notes, generally and without discrimination. *Fuller* v. *Hapgood*, 39 Vt. 617. Van Der Horck and Barge thus accepting the pledge, the latter acquired the right to resort to the security for his indemnity, in proper proportion, with respect to the $4,000 note; and this benefit, upon principles of equity, he was bound to share with his cosurety, Mueller. It is a settled principle of equity that, if one of two or more cosureties receives (from their principal) security for his own indemnity, it inures to the common benefit of his cosureties. *Schmidt* v. *Coulter*, 6 Minn. 492, (Gil. 340;) *Dering* v. *Earl of Winchelsea*, 1 Cox, 318, 1 White & T. Lead. Cas. Eq. 100, and notes; *Steel* v. *Dixon*, 17 Ch. Div. 825; *Berridge* v. *Berridge*, 44 Ch. Div. 168; *Miller* v. *Sawyer*, 30 Vt. 412; *Shaeffer* v. *Clendenin*, 100 Pa. St. 565; 1 Story, Eq. Jur. 499, and cases cited; Coleb. Coll. Sec. 230, 231, and cases cited. And this is so even though the receiving of such security was a condition by which alone he was induced to become a surety, and though his cosureties were ignorant of his receiving the security. *Steel* v. *Dixon, supra.* It follows that the defendant is liable in this action for contribution.

2. We come now to the question as to what proportion or amount of the indemnity fund the plaintiff is entitled to recover. The court directed a verdict for the plaintiff for $1,285.72, with interest. This resulted from treating the whole indemnity fund ($9,000) as applicable *pro rata* to both the obligations with respect to which the security was given. In such cases the security should be thus applied. *Brown* v. *Ray*, 18 N. H. 102; *Moore* v. *Moberly*, 7 B. Mon. 299.

3. The defendant offered to show that, prior to the assignment of the security, it was agreed that the same should be assigned to secure Barge and Van Der Horck as indorsers of the $10,000 note only, and that the defendant did not know that the assignment was made with reference to the $4,000 note also until afterwards. If

this evidence had been received, it could not have affected the result. The assignment, as actually made, seems to have been accepted by the assignees, and presumably the prior agreement, which the defendant sought to show, was merged in the completed transaction evidenced by the written assignment.

4. The offered evidence to which the fourth assignment of error relates would not have tended to show that Mueller waived or relinquished his right to share in the security taken by the defendant, but only that he was ignorant of the existence of that right.

Order affirmed.

(Opinion published 56 N. W. Rep. 36.)