JACOB BARGE *vs.* JOHN VAN DER HORCK.

Submitted by appellant. Argued by respondent June 6, 1894. Reversed June 15, 1894.

No. 8651.

**Contribution among sureties—Facts stated.**

B. and M. being cosureties for W. on one note, and B. and V. cosureties for him on another note, W. assigned to B. and V. certain collaterals to secure them for their liabilities as sureties on these notes. B. having been compelled to pay one-half of the first note, and B. and V. having been each compelled to pay one-half of the other note, they divided the proceeds of the collaterals between themselves pro rata, supposing they were held exclusively for their own benefit, and not understanding that M., as cosurety with B., might have a right to demand a share of the fund. Subsequently, M.'s estate, having paid his half of the first note, brought suit against B., and compelled him to pay its pro rata share of the proceeds of the collaterals. *Held,* that B. had a right to compel V. to contribute his share of the amount thus recovered by M.'s estate; that the rule that money voluntarily paid under a mistake of law cannot be recovered does not apply.

Appeal by plaintiff, Jacob Barge, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made January 6, 1894, sustaining the demurrer of John Van Der Horck, defendant, to his complaint. The facts are stated in the opinion and in *Mueller v. Barge,* 54 Minn. 314.

*Penney & Hayne,* for appellant.

*A. D. Smith,* for respondent.

MITCHELL, J. This action is the sequel of that of *Mueller* v. *Barge,* 54 Minn. 314, (56 N. W. 36,) having been brought to compel defendant to contribute his pro rata share of the money which, under our decision in that case, plaintiff, Barge, was compelled to pay to the estate of Mueller. This appeal is from an order sustaining a demurrer to the complaint on the ground that it does not state a cause of action. The facts stated in the complaint are substantially those stated in the opinion in *Mueller* v. *Barge,* and may be epitomized in their chronological order as follows: Westphal, as principal, and Barge and Mueller, as sureties, executed to Jonas F. Brown a note

for $4,000. Westphal, as principal, and Barge and Van Der Horck, as sureties, executed to Henry F. Brown a note for $10,000, and, at the same time, Westphal assigned to Barge and Van Der Horck certain shares of stock for the purpose of securing them as indorsers or sureties on the $10,000 note, and of securing Barge as indorser or surety on the $4,000 note.

Barge and Mueller took up the $4,000 note by each giving to Jonas F. Brown his individual note for $2,000. Barge paid his note for $2,000. Barge and Van Der Horck paid the $10,000; each paying one-half, or $5,000. Barge and Van Der Horck sold the stock assigned to them by Westphal for $9,000, and believing and understanding that it was given and received solely for the purpose of securing them, and nobody else, divided the proceeds between themselves, in good faith, in accordance with the understanding,—Barge taking seven-twelfths, or $5,250; and Van Der Horck, five-twelfths, or $3,750.

The estate of Mueller paid his note for $2,000 to Jonas F. Brown, and then brought suit against Barge to compel him to contribute or pay over a pro rata share of the proceeds of the stock. The result of that suit was that Barge was compelled, for the reasons stated in *Mueller* v. *Barge, supra,* to pay the estate of Mueller $1,285.72,— that is, two-fourteenths of the $9,000; and Barge now sues to compel Van Der Horck to contribute five-twelfths of this, or $535.70, out of the $3,750 which he received in the division of the proceeds of the collateral stock.

The only contention of defendant worthy of special consideration is that the division of the proceeds of the collateral stock between himself and plaintiff was in the nature of a voluntary payment under a pure mistake of law, and therefore that none of the money can be recovered back. We do not think the rule of law invoked has any application to the facts. It will be observed that the transaction was not the settlement or compromise of a doubtful or disputed claim of the one against the other, but merely the division between themselves of a fund held by the two in accordance with their supposed respective rights. The mistake, if any, was not as to the legal scope of what they were then doing, to wit, dividing the fund, but as to what were their own antecedent legal rights and liabilities in respect to the fund under and by virtue of the prior transaction;

they not then understanding that, under these previous transactions, Mueller might, as cosurety with Barge, have a right to share in the fund. The division which they made was in exact accordance with their legal rights, as between themselves, in case Mueller never called for a contribution. At the time this division was made, Mueller's estate had not paid the $2,000 to Brown, and had not asserted any right of contribution, and might never do so. But since this division was made a new state of facts has arisen. Mueller's estate has paid the note, asserted its right to the fund, and compelled Barge to contribute. The result is that Barge now has $535.70 less, and Van Der Horck that much more, of the common fund than he is entitled to.

Whether the division was not made under what would be considered a mistake of fact, it is not necessary to decide. Under the circumstances the division of the fund must be deemed merely provisional, and subject to the contingency of readjustment in case a new state of facts should arise. This has arisen, by reason of the subsequent successful assertion by Mueller's estate of its right to a share of the money. Barge having been compelled to satisfy that demand against the common fund, equity and good conscience require that Van Der Horck should contribute his pro rata share.

Order reversed.

COLLINS and CANTY, JJ., took no part in this decision.

(Opinion published 59 N. W. 630.)