GODFRIED SCHMIDT, Plaintiff in Error, *vs.* JOHNSON COULTER, Defendant in Error.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Action for rent of land. Defendant pleaded as a counter claim a demand against the Plaintiff for contribution as co-surety with the Defendant on an appeal bond, in a matter entirely distinct from the Plaintiff's cause of action, the Defendant having paid the whole amount. Whether such a demand is the proper subject of set-off or counter-claim—*doubted.*

In an action against a co-surety, upon an appeal bond, the principal not being made a party, whether the surety can claim contribution against his co-surety without showing the insolvency of the principal—*doubted.*

Where one of two or more co-sureties obtains in any manner a security for the debt, he holds it for the benefit of all the other sureties, and must do no act, nor voluntarily omit to do any act, by which such security is depreciated or lost, but must faithfully appropriate it to the payment of the debt, or he will be chargeable with the amount of the security to his co-sureties, in an adjustment of their proportions of the debt.

Points and Authorities of Plaintiff in Error.

I.—When one of the co-sureties has paid the debt of his principal, the other co-surety becomes primarily liable to the surety who paid the debt for one-half of the amount so paid; and nothing short of a collection of the debt from the principal will discharge such co-surety from his liability to contribute one-half the amount so paid. 1 *Parsons on Contracts, p.* 32-3-4, *and notes* ; *Smith's Lead. Cas., vol.* 1, *p.* 200, *sec.* 71, *and authorities there cited* ; *Cornell vs. Edwards*, 2 *Bosanquet & Pullers*, 268.

II.—The referee erred in refusing to allow the counterclaim of the Defendant upon the facts so found by him, and the judgment reported and entered in the action should be modified by deducting from the amount reported by the Plaintiff, the sum of $28.49 and interest since November 7, 1855, making in the aggregate forty and 51-100 dollars ; leaving a judgment in favor of the Plaintiff for nine and 64-100 dollars.

Points and Authorities of Defendant in Error.

The facts found show that said Schmidt commenced an ac-

tion and secured by attachment and found more than suffi-cient to pay off the alleged joint liability of Schmidt & Col-ter, and that Schmidt, by his own neglect, surrendered and abandoned the security thus obtained, and having done so is chargeable with the amount and cannot legally demand con-tribution.

As a surety is entitled to every remedy which the creditor had against the principal debtor to enforce every security, so also on a like principle we claim, a surety who pays the debt of the principal and puts the means of indemnity off his own hand by his own acts or negligence, cannot come back upon a co-surety for a contribution of the sum paid; having once obtained means to reimburse himself, he is alone responsible for the loss and the co-surety is discharged.   The privilege of enforcing the money from the principal was a valuable one to both and ought not to have been intercepted by one of them to the prejudice of the other; yet by his voluntary negli-gence the Defendant has deprived the Plaintiff of his rights or benefits and cannot now have recourse on him for his, the Defendant's own loss.   See 5 *Barb.*, 398; 16 *Mass.*, 40; *Davis vs. Willis*, 4 *Minn.*, 1.

The Plaintiff in Error having paid the amount of said judg-ment, voluntarily and before the officer's return of no prop-erty of principals found, is not entitled to maintain action for contribution, (without showing that the principal was insol-vent).   See *Skillen vs. Millen*, 16 *Mass.*, 40.

The sum claimed as offset by Plaintiff in Error is not a matter of counter-claim.   *Morely vs. Ingalls*, 5 *Sc.*, 314; *Hardcastle vs. Hardcastle*, 5 *B. & Ald.*, 94; *Crawford vs. Sterling*, 4 *Esp.*, 207; *Addison on Contracts*, 1189; 4 *Esp.*, 209.

There was nothing more than an implied promise to bear a portion of the debt in the contingency of their becoming liable (and by a failure of principal to reimburse), and it could only be known to what extent the Plaintiff (Defendant in Error,) was liable when it was ascertained what was his proportionate share of said debt, which can only be adjusted by agreement between the parties or by judicial proceedings of adjustment, as appears by a great number of authorities.   See *Peter vs. Rich*, 5 *C. 1 Ch. R.*, 35; *Hob vs. Harrison*, 25 *and* 27 *C.* 2 *Cha. Ca.*, 246; *Finch's Rep.*, 15, 203.

Payment of the whole debt by Defendant does not *per se* render Plaintiff liable for the one-half.

When one of two sureties receives property to indemnify him, and upon sale thereof such secured security paying the debt, is not entitled to contribution from his co-surety. *Chitton vs. Chapman*, 13 *Miss.*, 470 ; and a like principle is held in the case of *Fetor vs. Pierce*, 12 *B. Mon.*, 399.

A surety must show the insolvency of the principal before he can proceed against the co-surety for a contribution, and certainly time must be considered where the rights of the parties are materially varied. *Atkinson vs. Stewart*, 2 *B. Monroe*, 348, 350; *Morrison vs. Poynts*, 7 *Dana*, 307.

If a surety derives security from the principal, it enures to the benefit of all the sureties. 5 *Barb. S. C.*, 399; 6 *Vt.*, 136; 24 *Ala.*, 285; 21 *Vt.*, 94; 26 *Vt.*, 312.

Surety indemnified by principal cannot recover contribution from a co-surety for money paid by him, but must indemnify himself out of the means placed in his hands. *Morrison vs. Taylor*, 21 *Ala.*, 779; *West vs. Bank of Rutland et al.*, 19 *Vermont*, 408.

SANBORN & LUND, Counsel for Plaintiff in Error.

SMITH & GILMAN, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J.—There is no case or bill of exceptions bringing up the testimony. We are therefore confined to the report of the referee in making our review. We must presume that sufficient evidence was introduced without objection to sustain all his findings of fact, regardless of the allegations or want of allegations in the pleadings.

The action was for rent of land. The defence was a claim against the Plaintiff for contribution as co-surety with the Defendant on an appeal bond, in a matter entirely distinct from the Plaintiff's cause of action, the Defendant having paid the whole amount. This defence was answered by showing that the Defendant had sued the principal debtor, and garnisheed one Jackson, who held property of the principal to an amount sufficient to satisfy the debt, and had obtained a

judgment for the full amount against both principal and garnishee, but by his neglect had not prosecuted the suit on appeal until Jackson had become insolvent and the security lost.

Whether such a claim is the proper subject of setoff or counter claim, is quite doubtful.   *Comp. Stats.*, 481, *secs.* 23, 24 ; *Ib.* 541, *secs.* 70, 71, 73 ; *Gates vs. Smith*, 2 *M: R.* 30. The ground of relief in such cases does not stand upon any notion of mutual·contract between the sureties to indemnify each other in proportion, but it arises from principles of equity independent of contract.  1 *Story Eq. Jur., sec.* 493, *and note* 1, *on p.* 546.   See also *Maddocks' Chancery, Vol.* 1, *p.* 235.   It is very doubtful also whether a surety can claim contribution against his co-surety, without showing the insolvency of the principal when the suit is against the co-surety alone, the principal not being made a party.  1 *Maddocks' Chancery*, 236 ; *Adams' Equity, p.* 609, *and note.*   But in this case the whole matter seems to have been litigated, and the decision made upon the question whether the Defendant, by failing to follow up his judgment against the garnishee, Jackson, until he became insolvent, had lost his claim for contribution against the Plaintiff.   It is not found by the referee, that the judgment recovered by the Defendant against the principal debtor has been·in any manner impaired.  Nothing is said one way or the other about the solvency or insolvency of the principal, and nothing appears but that the judgment may be enforced against him at any time the Defendant is disposed to move in it ; but the referee finds that the delay and subsequent insolvency of the garnishee is such a loss of a valuable security which was held for the benefit of both the sureties, as to defeat the claim for contribution.  This reason is well enough as far as it goes; because, when one of two or more co-sureties obtains in any manner a security for the debt, he holds it for, the benefit of all the other sureties, and must do no act, nor voluntarily omit to do any act, by which such security is depreciated or lost, but must faithfully appropriate it to the payment of the debt, or he will be chargeable with the amount of the security by his co-sureties, in an adjustment of their proportion of the debt.   *Willis vs.*

*Davis,* 3 *Min. R.* 17, 28. In this case the Defendant, after having paid the surety debt, recovered a judgment against the principal and a garnishee. He has lost the judgment against the garnishee, but not against the principal debtor ; and nothing appears but that he may collect it at any moment. Now, can he maintain an action for contribution against his co-surety under such circumstances ? I think not.

As the case appears in the record furnished this Court, the referee decided correctly in not allowing the claim for contribution, but the decision should not rest solely upon the discharge of the garnishee through the negligence of the Defendant. There are better answers apparent in the record.

Judgment affirmed.