Dehority *v.* Paxon *et al.*

No. 13,316.

## DEHORITY *v.* PAXON ET AL.

EXECUTION.—*Levy.—Sale.— Value of Property.—Satisfaction of Judgment.*—A levy upon personal property of the judgment debtor of sufficient value to satisfy the execution, is merely *prima facie* payment of the judgment, and if a sale regularly made fails to produce enough to pay the debt, the parties can not, while the sale stands unimpeached, have the judgment declared satisfied upon extraneous proof that the property sold was of sufficient value to satisfy it.

SAME.—*Chattel Mortgage.—Foreclosure.— Value of Property Fixed by Highest Bid.*—When a chattel mortgage has been foreclosed, either by proceedings in chancery or in pursuance of a power, the price paid by the highest bidder at an unimpeached sale regularly made, will, in the absence of fraud, be presumed to have conclusively fixed the value of the property for the purpose of being applied to the debt, and if it be insufficient for payment, there may be a new execution for the residue.

From the Madison Circuit Court.

*M. S. Robinson, J. W. Lovett* and *M. A. Chipman,* for appellant.

*C. L. Henry* and *H. C. Ryan,* for appellees.

MITCHELL, J.—Petition by Dehority to reinstate the record of an alleged unsatisfied judgment and decree foreclosing certain mortgages, entered at the June term, 1880, of the Madison Circuit Court, in favor of Frederick Tykle against Joseph R. Paxon and David Foland, for eighteen hundred dollars and upwards, which record it is alleged had been destroyed by fire, in a general destruction of the records of the Madison Circuit Court, resulting from the burning of the court-house on the 10th day of December, 1880.

It is alleged that the judgment and decree had been duly assigned by Tykle to Dehority. Simon and others, who were parties to the original decree, and were alleged to be the holders of junior mortgages on the real estate mortgaged to Tykle, answered, admitting the facts stated in the complaint or petition, but in avoidance they averred that both the

mortgages foreclosed by Tykle had been executed as a se-
curity for the same debt; that one covered certain real estate
upon which the defendants held junior mortgages, to secure
debts owing to them respectively by the mortgagors, and that
the other, which had been duly foreclosed by the plaintiff's
assignor, covered a large amount of personal property owned
by the mortgagors, of the value of $2,500, which property
the plaintiff had caused to be sold by the sheriff on a cer-
tified copy of the decree of foreclosure mentioned in the
complaint.

It is alleged that at the sale the plaintiff bid off and pur-
chased the personal property covered by the chattel mortgage,
for the nominal price of $232, although it was reasonably
worth $2,500. As a conclusion drawn from the foregoing
facts, the pleader states that the judgment and decree taken
by Tykle, and by him assigned to the plaintiff, have been
fully satisfied by the above mentioned sale.

The court held the answer sufficient on demurrer, and the
only question involved relates to the propriety of this ruling.

Counsel for appellee assert and seek to maintain the prop-
osition, that whenever property of a judgment debtor, of a
value sufficient to satisfy the judgment, has been levied on,
and the title of the judgment debtor has been divested and
lost, whether by an execution sale or otherwise, the judgment
is to be deemed satisfied to the extent of the value of the
property thus taken. At least, it is said, this must be the rule
as respects the execution plaintiff and those holding junior
encumbrances. The proposition is not maintainable. It has
often been broadly stated that a levy upon the judgment
debtor's personal property of sufficient value to satisfy the
execution, was, *per se,* an extinguishment of the judgment,
and hence a satisfaction of the execution. The inaccuracy
of this statement has been repeatedly shown. Such a levy is
not an absolute satisfaction, but is to be considered a *prima
facie* payment, or satisfaction *sub modo.*

If it appears that the levy has been regularly exhausted

by a sale duly made, and that the sale has failed to produce a sum sufficient to satisfy the judgment, the levy and sale will be regarded as satisfaction *pro tanto,* and a new execution may be had for the residue.

The most that can be said is, that a levy upon goods of sufficient value to pay the judgment raises a presumption that the execution is satisfied. This presumption may be overcome by a return of the officer showing that the property had been duly and lawfully sold, and that a sale regularly made had not been productive of sufficient to pay the debt. *McIntosh* v. *Chew,* 1 Blackf. 289; *Neff* v. *Hagaman,* 78 Ind. 57; *McCabe* v. *Goodwine,* 65 Ind. 288; *Richey* v. *Merritt,* 108 Ind. 347; *United States* v. *Dashiel,* 3 Wall. 688; *Trapnall* v. *Richardson,* 13 Ark. 543 (58 Am. Dec. 338, and note); *Banta* v. *McClennan,* 14 N. J. Eq. 120.

As will be observed, the application of the rule relating to the effect of a levy is confined almost exclusively to cases where it appeared that, after sufficient property had been seized to satisfy the execution, the property had been wasted, or the levy released or in some other way rendered ineffectual, without the consent of a surety or other person occupying such a relation to the debt as entitled him to insist upon a sale of the property. In all such cases it is incumbent on the plaintiff to show why the property thus taken was not sold in the regular course, and the proceeds applied to the extinguishment of the debt. *Johnson* v. *Tuttle,* 9 N. J. Eq. 365.

The purpose of issuing an execution is to obtain satisfaction of the debt. The law will not tolerate the levying upon property merely as a security, or to protect the property for the accommodation of the debtor. *Parys & Co.'s Appeal,* 41 Pa. St. 273; *Landis* v. *Evans,* 113 Pa. St. 332; *Appeal of Larzelere,* 13 Atl. Rep. 85.

Where, however, property has been levied upon and regularly sold, and the proceeds properly applied, we know of no authority, nor can we conceive of any sound principle,

which would permit an inquiry into the actual value of the property, with a view of showing that the judgment had been satisfied by the levy, without regard to the sum produced by the sale.

When property has been sold at public sale, after due and lawful notice, in pursuance of a decree of a court, parties are bound by the value of the property as fixed by the highest bidder, until the sale is set aside or in some way impeached for fraud or irregularity. "It is to be presumed that property sold at a regular sale fetches its true value," while a contrary presumption arises as to irregular sales. *Horn* v. *Ross*, 20 Ga. 210 (65 Am. Dec. 621).

If the price was so grossly inadequate as to shock a correct mind, this inadequacy of price might furnish a strong presumption of fraud or irregularity, and entitle the party injured to have the sale set aside upon seasonable application. *Fletcher* v. *McGill*, 110 Ind. 395.

If, however, parties to the decree affirm the sale, they also affirm the price at which the property sold. They can not, without questioning the validity and regularity of the sale, enter upon an inquiry concerning the value of the property.

The answer in the present case shows that the plaintiff's assignor foreclosed his chattel mortgage by proceedings in chancery. The appellees were parties to that decree. The sheriff afterwards took possession of the mortgaged chattels and sold them pursuant to the order of the court. This sale, as the answer affirmatively shows, produced an amount insufficient to pay the debt. Without in any manner attacking the sale or questioning its regularity, the appellees propose to satisfy the appellant's judgment by extraneous proof that the property sold and purchased by him was of sufficient value to satisfy the judgment. This can not be done.

When a chattel mortgage has been foreclosed, either by proceedings in chancery, or in pursuance of a power, the price paid by the highest bidder, at an unimpeached sale regularly made, will, in the absence of fraud, be presumed to

have conclusively fixed the value of the property for the pur-
pose of being applied to the debt.    Lee v. Fox, 113 Ind. 98.

There would be no propriety in requiring a mortgagee to
go through the ceremony of foreclosing his mortgage and
making a public sale of the property, if in the end he is to
be charged with the amount that parties interested may be
able to show the property was actually worth, without regard
to the amount the sale produced.  In contemplation of law,
the only purpose of making a sale of mortgaged chattels,
the legal title of which is conditionally in the mortgagee, is
to ascertain their value as applicable to the mortgage debt,
thus giving the mortgagor the benefit of his equity of re-
demption if the goods are worth more, or leaving him liable
for the residue if they are worth less than the debt.

It was error to overrule the demurrer to the answer.

The judgment is reversed, with costs.

Filed May 30, 1888.