Filed Oct. 28, 1890.

---

No. 14,517.

MOORMAN v. HUDSON.

EXECUTION.—*Actual Value of Property Sold.*—*Amount Realized Conclusive Evidence of.*—Where property is regularly exposed to sale on execution, there being no fraud or irregularities in such sale, the amount realized must be taken as conclusive evidence as between the parties interested of the actual value of such property.

PRINCIPAL AND SURETY.—*Release of Surety.*—*Satisfaction of Judgment.*—*Value of Property.*—M. recovered judgment upon a promissory note, which judgment became a lien upon the real estate of one of the sureties, subject to a mortgage by which it was encumbered. M. purchased the mortgage, and at a sale upon a decree of foreclosure purchased the real estate for less than the mortgage indebtedness.

*Held,* that such purchase did not operate as a satisfaction of the judgment, although the property was, in fact, of value more than sufficient to pay the judgment and the lien of the mortgage. The amount realized at the sale must be taken as conclusive evidence of the value of the property as between M. and the sureties. *Sanders* v. *Weelburg,* 107 Ind. 266, modified.

From the Jay Circuit Court.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellant.

*E. L. Watson* and *J. E. Watson,* for appellee.

COFFEY, J.—The facts in this case, as they appear in the complaint, are that on the 12th day of November, 1877, one A. D. Hudson executed to James Moorman a promissory note for the sum of $726, with the appellee, William W. Hudson, and Jacob B. Blazer, as sureties thereon. On the

19th day of March, 1878, said Moorman recovered judgment on said note, in the Jay Circuit Court, against all the makers thereof, for the sum of $777.86, and costs of suit.

At the time of the rendition of said judgment the said Jacob B. Blazer was the owner of real estate in Jay county of the value of $10,000, which was encumbered by a mortgage executed by him to Abraham Garr to secure the sum of $3,500, the judgment becoming a lien on said real estate, subject to said mortgage. In the month of July, 1879, Moorman purchased and took an assignment of said note and mortgage to himself, and on the 6th day of April, 1880, obtained a decree of foreclosure thereon, in the Jay Circuit Court, in a suit to which the appellant herein, A. D. Hudson, and Jacob B. Blazer, were parties. Upon a certified copy of said decree the real estate so owned by Jacob B. Blazer was duly advertised by the sheriff of Jay county, and bid off and purchased by Moorman for the sum of $3,048 ; Moorman sold and assigned the certificate of purchase to Allen W. Lewis, who took a deed thereon for all said real estate. This real estate comprised all the property owned or held by Blazer subject to execution. The principal in said judgment, A. D. Hudson, at the date of its rendition, was, and ever since has been, insolvent. James Moorman is now insane, and the appellant, Thomas F. Moorman, is his duly appointed and qualified guardian.

To the complaint alleging the foregoing facts, the court overruled a demurrer, and the appellant electing to stand on his demurrer, the court entered a decree declaring the judgment in favor of James Moorman and against the appellee and the other parties thereto fully paid and satisfied.

It is contended by the appellee that inasmuch as Moorman acquired a judgment lien on the real estate owned by Blazer, which was of value more than sufficient to pay said judgment and the other liens upon it, and as he bid off and purchased the same upon the senior lien, such bid and purchase, in equity, operated as a satisfaction of his judg-

ment as to the sureties therein, and gave them a right of action to have the judgment declared satisfied.

On the other hand it is contended by the appellant that the amount realized by the sale of Blazer's real estate, by the sheriff of Jay county, is conclusive evidence of its value, and that the appellee could not enter upon a trial of the question of its value with a view of charging James Moorman with a sum in excess of his bid.

The appellee relies upon the case of *Sanders* v. *Weelburg*, 107 Ind. 266, while the appellant relies upon the case of *Dehority* v. *Paxon*, 115 Ind. 124. In the case of *Sanders* v. *Weelburg, supra,* one of two sureties paid off the judgment and took out execution for his own benefit. He caused the execution to be levied upon property of the principal, and bid it in for a sum less than its actual value and for a sum less than the amount due him. He brought an action against his co-surety for contribution and was defeated on the ground that he was liable to account to his co-surety for the actual value of the property so bid in by him.

The doctrine that where one surety acquires indemnity from the common principal, such indemnity enures to the benefit of all the sureties is quite familiar to the profession generally. Sheldon Subrogation, section 143; *Hall* v. *Robinson*, 8 Ired. (N. C.) 56; *Owen* v. *McGehee*, 61 Ala. 440; *Schmidt* v. *Coulter*, 6 Minn. 492; *Comegys* v. *State Bank*, 6 Ind. 357; Story Eq. Juris. (13th ed.) section 499. So, too, where the creditor obtains from the principal debtor anything of value as additional security, such additional security enures to the benefit of the sureties on the original obligation. *Sterne* v. *Bank of Vincennes*, 79 Ind. 549; Sheldon Subrogation, sections 120, 121 and 123; Brandt Suretyship, section 370, etc.

In so far as the case of *Sanders* v. *Weelburg, supra,* announces these familiar rules, its soundness can not be questioned. As to whether they were correctly applied in that case we need not stop to inquire. It is, perhaps, true that

the question as to whether the amount realized from the property of the principal on a sale of same by the sheriff, was conclusive as to its value, did not receive that consideration due to it as a necessary element in a proper decision of the case:

This was the only question, however, involved in the case of *Dehority* v. *Paxon, supra.* In that case Frederick Tykle recovered judgment against Joseph R. Paxon and David Foland in the Madison Circuit Court in June, 1880, for the sum of $1,800, together with certain decrees of foreclosure, the record of which was destroyed by fire. To a petition to reinstate said judgment and decrees, Simon and others, holding junior liens on the real estate covered by one of the decrees, answered that both the mortgages foreclosed by Tykle had been executed as a security for the same debt; that one covered certain real estate, upon which they held a junior mortgage lien to secure debts due to them, and that the other mortgage, which was duly foreclosed, covered a large amount of personal property owned by the mortgagors, of the value of $2,500, which property the plaintiff had caused to be sold by the sheriff on a certified copy of the decree mentioned in the complaint, and bid off and purchased by the plaintiff for the nominal price of $232. It was stated as a conclusion that the judgment for $1,800 taken by Tykle was satisfied. It was held by this court that the answer was not sufficient to bar the plaintiff's action. In commenting upon the facts developed by this answer the court said : " There would be no propriety in requiring a mortgagee to go through the ceremony of foreclosing his mortgage and making a public sale of the property, if in the end he is to be charged with the amount that parties interested may be able to show the property was actually worth, without regard to the amount the sale produced. In contemplation of law, the only purpose of making a sale of mortgaged chattels, the legal title of which is conditionally in the mortgagee, is to ascertain their value as ap-

plicable to the mortgage debt, thus giving the mortgagor the benefit of his equity of redemption if the goods are worth more, or leaving him liable for the residue if they are worth less than the debt."

We are not aware of any mode by which a creditor can utilize a lien acquired upon property, except by sale in the manner prescribed by law. Had the property of Blazer been purchased by any person other than Moorman it would not be contended that such purchase satisfied Moorman's judgment. To hold that such purchase by Moorman operated as a satisfaction of his judgment, because he was willing to pay more than any other person bidding at the sale, is, we think, without precedent, save as the same is found in the case of *Sanders* v. *Weelburg, supra.*

In so far as that case is in conflict with the case of *Dehority* v. *Paxton, supra,* and with this opinion, it must be regarded as modified.

Where property is regularly exposed to sale on execution, there being no fraud or irregularities in such sale, the amount realized must, in our opinion, be taken as conclusive evidence, as between the parties interested, of the actual value of such property. *Lee* v. *Fox,* 113 Ind. 98.

It follows, from this conclusion, that the circuit court erred in overruling the demurrer of the appellant to the complaint now before us.

Judgment reversed, with directions to sustain the demurrer of the appellant to the complaint in this cause.

Filed Oct. 28, 1890.