## TOUHEY v. TOUHEY.

[No. 18,543. Filed November 17, 1898.]

JUDGMENT.—*Void Sales.*—*Satisfaction of Judgment.*—*Failure to Appraise Property.*—A sale of real estate was made without appraisement, on a judgment, subject to valuation and appraisement laws, a certificate of purchase was issued to the judgment plaintiff reciting the payment of the amount of the writ, and thereafter a sheriff's deed was executed to plaintiff. Thereafter, more than two years after the issuance of the writ, the sheriff returned the execution unsatisfied, and plaintiff procured an execution in the nature of a *venditioni exponas*, and, upon said writ, appraisement, notice, and sale were made, the judgment plaintiff purchasing same, and receiving a certificate of purchase, and thereafter the execution defendant brought suit to quiet his title to said real estate. *Held*, that the irregularity in selling without appraisement, and holding

the writ for two years did not extinguish the lien of the judgment.

From the St. Joseph Circuit Court. *Affirmed.*

*R. T. Miller, W. M. Parr* and *F. J. L. Meyer,* for appellant.

*Andrew Anderson,* for appellee.

HACKNEY, C. J.—The question for decision in this case arises upon facts specially found, and conclusions of law stated by the trial court, in substance as follows:   On October 25, 1894, the appellee obtained a decree of divorce from appellant and a judgment for $2,000 alimony against him, the latter then being the owner of the real estate in question.   Five days later an execution issued upon said judgment, and was, according to the terms of the judgment, collectible subject to valuation and appraisement laws.

Said writ was levied upon said property, and a sale, without appraisement, was made to the appellee in May, 1895.   A certificate of purchase issued to the appellee, and it recited the payment of the amount of the writ, whereas no sum was paid or receipted for by the appellee.   In May, 1896, the sheriff executed to the appellee a deed for said property, and she went into possession.   In December, 1896, more than two years from the issuance of said writ, the sheriff returned said execution unsatisfied, by reason of the invalidity of said sale, owing to the failure to appraise the property.   Thereupon the appellee procured to be issued an execution in the nature of a *venditioni exponas* for the collection of said judgment, and upon said writ appraisement, notice and sale were made, the appellee purchasing and receiving a certificate.   Upon the appellant's complaint to quiet title, and upon the facts found, the court stated as

conclusions of law: (1) That the appellant is the owner of the legal title; (2) that the deed of the sheriff was void; but that (3) the lien of the judgment had not been extinguished.

It is manifest that the appellant can present but one question, that arising upon the third conclusion of law. It may be stated in this way: Did the irregularity in selling without appraisement, and in holding the writ for two years extinguish the lien of the judgment, while leaving the title to the property undisturbed in the appellant? From any equitable view the inquiry would suggest a negative answer. It would be a remarkable state of circumstances under which a sale absolutely void would satisfy the judgment upon which it is made, there being no money paid, no receipt executed, no advantage gained, and no disadvantage occasioned the appellant.

The record contains no facts showing advantage to the appellee or disadvantage to the appellant from the irregularity; and the satisfaction insisted upon, without payment of money or surrender of property, is extremely technical, and utterly devoid of equity. The principal argument in behalf of the appellant is that the first sale was void for the want of an appraisement, and the second sale was void because the first sale satisfied the judgment. The apparent rather than real legal support for this argument is in the holding that a levy upon property sufficient to satisfy a judgment is a presumptive satisfaction of the judgment.

As between the debtor and the creditor, and involving no interests of a third party, this presumption is only *prima facie*, "and the whole extent of the rule is that the judgment is satisfied when the execution has been so used as to change the title of the

goods, or in some way to deprive the debtor of his property. When the property is lost to the debtor in consequence of the legal measures which the creditor has pursued, the debt, * * * is gone, although the creditor may not have been paid." *United States* v. *Dashiel,* 3 Wal. 688; *Lindley* v. *Kelley,* 42 Ind. 294; *McCabe* v. *Goodwine,* 65 Ind. 288; *Dehority* v. *Paxon,* 115 Ind. 124.

Here the appellant has succeeded in his claim that the writs and attempted sales were void. Of this the appellee does not complain. The only substantial claim of the appellant here, as we have already shown, is that the invalid proceedings under the judgment shall be deemed a satisfaction of the judgment. In this claim we do not concur. The title of the appellant has not been affected, and the rights of third parties have not been disturbed. The case does not fall within the class where the presumption of satisfaction is conclusive. The judgment is affirmed. Howard, J., absent.