## ESPENLAUB ET AL. v. ELLIS.

[No. 4,969.  Filed November 29, 1904.]

1. PLEADING.—*Complaint.—Demurrer.—Proximate Cause.*—A complaint by a servant against his master for damages for personal injuries received by slipping and falling and having his fingers cut off by an unguarded ripsaw is not bad on demurrer because it fails to show that such slipping and falling were caused by defendant's negligence, since the fact that some other cause operates with defendant's negligence does not relieve the defendant from his negligence.  p. 165.

2. SAME.—*Complaint.—Factory Act.—Servant's Knowledge of Danger Not Negatived.*—In a complaint by a servant against his master for damages for personal injuries received by falling on an unguarded ripsaw, it is not necessary to allege that such servant had no knowledge of the unguarded condition of such saw or of the danger he encountered, nor that he could not by ordinary care have such knowledge, since such action is founded upon the violation of a specific statutory duty imposed by law.  §7087i Burns 1901.  p. 166.

3. TRIAL.—*Instruction.—Factory Act.—Common Law.*—An instruction, in an action by a servant against his master for damages for personal injuries on account of the master's violation of the "factory act," stating that such statute does not give a right of recovery for injuries received; that contributory negligence prevents recovery and that such right to recover damages is governed wholly by the rules of the common law, is properly refused, since the provisions of such act materially changed the common law relating to such actions.  p. 166.

4. SAME.—*Instruction.—Guarding Saw.*—An instruction, in an action by a servant for damages for personal injuries caused by the master's violation of the "factory act," stating that all saws in a manufacturing establishment shall be properly guarded, and no person shall remove or make such guard ineffective, except to make repairs, and then shall at once replace same, is properly given to the jury.  p. 167.

5. SAME.—*Instruction.—Due Care.*—An instruction, in an action by a servant for damages for personal injuries caused by the master's violation of the "factory act," stating that the plaintiff can not recover if he was guilty of a want of that degree of care ordinarily used by reasonably careful and prudent men under the circumstances, is properly given to the jury.  p. 167.

6. SAME.—*Instruction.—Guard Furnished but not Used by Employe.*—An instruction, in an action by a servant for damages for personal injuries caused by the master's violation of the "factory act," that if

such master had furnished a proper guard for the saw on which plaintiff was injured, and such guard had been removed without the master's knowledge by the servant in charge, such master would not be liable, can not be complained of by such master.  p. 168.

7. TRIAL.—*Evidence.*—*Violation of Factory Act by Servant.*—*Master's Knowledge.*—Where a servant with the knowledge of his master operates a ripsaw without any guard as required by the "factory act," such master thereby becomes liable for injuries resulting therefrom, since there is a positive duty enjoined by the law upon such master to guard such machinery.  p. 169.

8. EVIDENCE.—*Expert.*—*Opinion of Others.*—Where an expert on machinery is asked what the judgment of competent workmen is as to the practicability of using a guard over a ripsaw, an objection to such question should be sustained, since such question seeks to elicit his opinion of the opinion of others.  p. 170.

9. MASTER AND SERVANT.—*Contributory Negligence.*—*Question for Jury.*—Where plaintiff was instructed by defendants' foreman to go and get a planer, and in doing so plaintiff walked down a gangway having a slippery floor and while reaching to get such planer his foot slipped and he fell on an unguarded ripsaw, which cut off the fingers of his hand, the question of plaintiff's contributory negligence is properly submitted to the jury.  p. 170.

From Superior Court of Vanderburgh County; *J. H. Foster,* Judge.

Action by Morris Ellis, a minor, by his next friend John Ellis against Charles H. Espenlaub and another. From a judgment for plaintiff, defendants appeal.  *Affirmed.*

*J. E. Iglehart* and *Edwin Taylor,* for appellants.
*G. V. Menzies* and *F. E. Monfort,* for appellee.

COMSTOCK, C. J.—The complaint in this action charges that on November 19, 1902, having been employed three or four weeks prior thereto to do all kinds of general work in and about the planing-mill of appellants, while in the proper discharge of his duty, the plaintiff was directed by an employe of appellants to go to a certain table in the mill, on which a ripsaw was located and in full operation, and bring from said table to said employe a hand planer which was lying close to the ripsaw; that he went as directed, and,

on reaching out with his left hand for the planer, he slipped on the floor and lost his balance, and, falling, his left hand struck the top of the saw, and he was thereby injured; that said saw was open, exposed, and without guard and protection, contrary to the provisions of the law of Indiana; that the unguarded saw was dangerous for the employes of the mill who were required to work with or about it; that it could have been guarded at small cost without interfering with the proper use thereof; and that the failure to guard the saw as provided by law was negligence which caused the injury complained of.

A demurrer to the complaint for want of facts was overruled. Issues were joined by an answer in general denial. A trial was had at the December term, 1902, of the court, but the jury failed to agree. The case was again tried at the March term, 1903, resulting in a verdict and judgment for the appellee in the sum of $3,000. At the close of all the evidence appellants moved the court, in writing, to instruct the jury to return a verdict in their favor, which motion was denied. The evidence being closed appellants moved that the jury be permitted to inspect, in charge of the sheriff, the premises involved in the action. This motion was denied. Appellants' motion for a new trial was overruled.

Appellants assign and rely upon as error the action of the court: (1) in overruling the demurrer to the complaint; (2) in overruling the motion to permit inspection of the premises; (3) in refusing peremptorily to instruct the jury to return a verdict for the appellants; (4) in overruling the motion for a new trial.

1. It is contended that the proximate cause of the injury as stated in the complaint was that appellee "slipped on the floor, which caused him to lose his balance and fall," causing him to strike the saw with his left hand; that for this appellants were not liable, and no facts are stated upon

which to predicate the proposition that the slipping was due to any negligence of appellants; that therefore the complaint is insufficient.

The fact that some other cause operates with the negligence charged against defendants does not relieve the negligent party from liability. The efficient cause is the proximate cause. *Reid* v. *Evansville, etc., R. Co.* (1894), 10 Ind. App. 385, 53 Am. St. 391; *Louisville, etc., Co.* v. *Nolan* (1893), 135 Ind. 60; *Pennsylvania Co.* v. *Congdon* (1893), 134 Ind. 226, 39 Am. St. 251; *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 84 Am. St. 292; *City of Mt. Vernon* v. *Hoehn* (1899), 22 Ind. App. 282, and cases cited; *Windeler* v. *Rush County Fair Assn.* (1901), 27 Ind. App. 92, 97; *Alexandria Min., etc., Co.* v. *Irish* (1896), 16 Ind. App. 534, 546. The direct averment is that the injury was caused by the negligence of appellants, and certainly no facts are stated inconsistent with the proposition that the neglect of the specific statutory duty charged was the efficient cause of appellee's injury.

2. It is further contended that the complaint is bad because of the failure to allege that appellee had no knowledge of the unguarded condition of the saw or of the danger he encountered, or that he could not, in the exercise of ordinary care, have had knowledge of such alleged condition. The action is founded upon the failure of appellants to comply with the act of 1899 (Acts 1899, p. 231, §9, §7087i Burns 1901) properly to guard machinery. Such averment in an action for injuries occasioned by breach of a specific statutory duty to guard dangerous machinery is not necessary. *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 162, 58 L. R. A. 944; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 618, 92 Am. St. 319; *Buehner Chair Co.* v. *Feulner* (1902), 28 Ind. App. 479; *American Car, etc., Co.* v. *Clark* (1904), 32 Ind. App. 644. Demurrer to the complaint was properly overruled.

3. Appellants, by instruction one, refused by the court,

asked that the jury be told that the statute of this State commonly called the "factory act" did not in express terms give a right of recovery for injuries received under a violation of the act, but that the common law rule relating to negligence prevailed and that contributory negligence on the part of appellee would prevent a recovery. The refusal to give this instruction is one of the causes for a new trial. The concluding sentence of said instruction reads: "Such right to recover damages, if any there be, is governed wholly by the rules of common law relating to actions to recover damages for alleged negligence." The jury might reasonably have inferred from the foregoing sentence that the act made no change in the right to recover for personal injuries. Such inference would have been erroneous.

Instructions two to seventeen, refused, in effect stated that if appellee was guilty of negligence contributing to his injury, he could not recover. These instructions were fully covered by instructions R, as modified, A, 2, N, O, P, R and S. Such refusals were not, therefore, error.

4. Exception was taken to instruction F given by the court. The instruction reads as follows: "It is provided by statute in this State that all saws in any manufacturing establishment shall be properly guarded, and no person shall remove or make ineffective any safeguard around or attached to any such saw while the same is in use, unless for the purpose of immediately making repairs thereto, and all safeguards shall be promptly replaced." Section 9 of the act of 1899 (Acts 1899, pp. 231, 234) provides: "All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein shall be properly guarded." There was no error in giving said instruction. *Monteith* v. *Kokomo, etc., Co., supra; Buehner Chair Co.* v. *Feulner, supra.*

5. The complaint is made that the court modified instruction four requested by appellants. Said instruction,

as requested, read as follows: "In law, the plaintiff Morris Ellis was not without fault, if it appears from the evidence that by the exercise of any care or caution which was, under the circumstance, reasonable, practicable and available, he might have avoided the injuries charged." As modified and given, the instruction reads: "The plaintiff can not recover in this action if he was in any respect guilty of want of that degree of care and diligence which could reasonably be expected of ordinarily careful and prudent men, and the want of such care contributed to cause the injuries complained of. In law, he was not without fault if it appears from the evidence that by the exercise of any care or caution which was, under the circumstances, reasonable, practicable and available, he might have avoided the injuries charged. If the jury find from the evidence that the plaintiff in this case, by looking and exercising reasonable care and caution, could have avoided the injuries which he claims to have sustained, and if you further find that he did not so look and did not so exercise reasonable care and caution at the time and place mentioned in the complaint, and by reason thereof was injured, he can not recover in this action, and your verdict should be for the defendant." The modification told the jury that plaintiff could not recover if he was "guilty of a want of that degree," etc. Taking the instruction as a whole, the appellants could not have been harmed by the modification.

6. Attention is called by appellants to instruction K, given by the court of its own motion as a modification of instruction twenty-four requested by appellants. By instruction K the jury was told that if appellants had provided a suitable guard for the saw, and that if the employe who was using the saw immediately before the accident removed the guard from the saw, and neither of the appellants had notice of the removal at the time of the accident, then, in such case, appellee could not recover. It is urged that the modification is of importance in relation to the evi-

dence and the action of the court in refusing a new trial and the peremptory instruction requested; that the evidence shows that a suitable guard had been provided; that the employe whose duty it was to use the saw and guard had removed it, and that neither of the appellants knew at the time of the injury that the guard had been removed; that therefore the injury to appellee was occasioned by the negligence of a fellow servant, for which there can be no recovery against the master. The modification referred to is not pointed out, but the instruction as given is not unfavorable to the appellants.

7. Engelbrecht, who was in charge of the saw and guard, testified that when the accident occurred he had been away "a half minute, getting some instructions on some other stuff;" that when he left the saw for any length of time he was supposed to throw it out of action, but when he left the saw and was to return in a minute he was not to throw it out of action. Appellant C. W. Johann testified that one of his orders was that when an employe left the saw for four or five minutes he was to stop it, but if he was gone but a half minute the order did not apply, so that the condition under which the saw, by order, was to be stopped, did not exist at the time of the accident.

It is in evidence that a guard had been provided for the saw, and the employe instructed to use it. Engelbrecht testified that he could not use it all the time, because of its interference with his work, and of the dangers connected with its use. It appears, also, that said Johann was superintendent in charge of the room and machine where appellee received his injury, and that he knew that Engelbrecht generally disobeyed his orders in the use of the guard; that Engelbrecht was continued in the employ of appellants. They thus acquiesced in the violation of the statute, and became responsible for the injuries resulting therefrom. Appellants had a positive duty to perform. They permitted their employe to neglect it. There was

abundant evidence that a ripsaw, such as caused appellee's injury, could have been guarded without interfering with the operation of the same.

8. R. A. Reitz, a witness for appellants, was asked the following: "What is the instrument I now show you? A. That is the guard we have used on our ripsaw down there. If you know what the judgment of competent workmen is as to the practicability of using a guard over a ripsaw, you may state what it is." An objection to this question was sustained. The witness had testified as an expert, and as to his own experience and judgment of the practicability of using a guard. The question called for his opinion of the opinion of others, and the objection was properly sustained.

9. It is earnestly insisted that appellee was guilty of contributory negligence, and that therefore the peremptory instruction requested should have been given to the jury. The appellee testified that he was employed by appellants to do anything he was told to do. Had been working for appellants about three weeks when he received his injury. Mr. Johann, one of the appellants, was foreman in the room in which appellee worked. Was injured on the 19th day of November, 1902. Had been helping Mr. Mann at the sticker, which was about thirty feet from the ripsaw table, just before he received his injury. Mr. Mann told him to go to the ripsaw table and get the hand planer. Had seen the planer the day before on the upper end of the ripsaw table. Immediately after he was told to get the planer he went down the main gangway to the passageway, turned down to the saw table, and looked for it, and did not see it on the table, and thought somebody had knocked it off; looked under the table, and did not see it; looked back on the table, and saw it by the saw between the edge of the table and the saw—about ten inches from the saw towards the main gangway. The main gangway ran north and south, and the passageway past the saw

ran east and west. He put out his left hand to get the planer, and his foot slipped, and his left hand struck the saw which took off all the fingers and the thumb of the left hand. There was nothing over the saw at the time his hand came in contact with it. The saw projected above the table about two and one-half inches. While working for appellants he was around where the saw was every day. There was no guard around the table at any time. The floor was slippery. When his foot slipped on the floor and his hand struck the saw, it turned him half way round, in a stooping position, and he caught the table with his right hand. He did not get the planer in his hand. His left hand was in advance of the saw, when his foot slipped, about twelve inches. The saw was about fourteen or fifteen inches from the edge of the table, and the planer was about ten to twelve inches in front and a little back of the saw. He did not have the planer in his hand, did not pick it up and drag it along the table, did not drop it on the floor, did not stoop to pick it up. He frequently worked around the saw helping Mr. Engelbrecht, and saw the saw in operation. It was in operation every day. He had gone past the saw about three feet before he saw the planer. The saw was between him and the planer when he first saw the planer. In looking for the planer his eyes were directed toward the saw, or the other end of the table, because he had seen it there the day before. After going past the saw he looked under the table, thinking the planer might have been knocked off, and, not finding it, he turned round and looked back over the table, and saw the planer near the saw, and that was the first time he had seen the planer that day. When he turned round his left side was next to the ripsaw. He then walked up the passageway until he came opposite the saw. When he was told to get the planer he was told that it was on the ripsaw table, but it was not pointed out to him. The planer was six or seven inches long. There is some conflict in the testimony as to

the attitude and movement of appellee immediately after the accident occurred. Appellee alone saw and testified to the accident. Upon his testimony the court would not have been justified in giving the peremptory instruction requested.

The point is made by appellee that the record is incomplete because it does not contain all the evidence, and that therefore questions raised by the motion for a new trial can not be considered. For the consideration of this cause we have treated the evidence as in the record.

It appears from the record that appellants violated the provisions of the statute requiring the guarding of machinery, and that neglect of that duty caused appellee's injury. Whether appellee was guilty of negligence contributing to his injury was properly submitted to the jury under instructions which fairly presented the questions at issue.

We have considered the questions discussed, and find no error for which the judgment should be reversed. Judgment affirmed.