SCHABLER ET AL. *v.* INDIANAPOLIS MORRIS PLAN CORPORATION.

[No. 20,591. Filed March 12, 1968. Rehearing denied April 24, 1968. No petition for transfer filed.]

320

*Michelle Freije, Albert W. Ewbank,* of Indianapolis, for appellants.

*Nisenbaum and Brown,* of Indianapolis, for appellee.

COOPER, J.—This cause of action was instituted below by the Appellee herein against the Appellants for the recovery of an alleged deficiency balance after repossession, on two

conditional sales contracts. After the issues were closed, the cause was submitted to a jury. The jury found for the Appellee and assessed damages in the amount of Seven Thousand Eight Hundred and Twenty six dollars. Judgment was entered on the verdict and thereafter the Appellants filed their Motion for a New Trial. Said Motion was overruled by the trial court and that ruling is the assigned error on appeal.

The Appellants' first alleged error in their Motion for a New Trial is that the verdict of the jury is not sustained by sufficient evidence. We have reviewed the evidence in the record now before us, and find it is somewhat conflicting as to the material issues involved. The evidence in the record is voluminous and we do not deem it necessary, for the purposes of this opinion, to set it forth. In any case, both our Supreme Court and this Court have stated the settled and general rule of law that on appeal our Courts will not weigh the evidence.

In the case of *Deal* v. *The State* (1895), 140 Ind. 354, 358, 39 N. E. 930, 931, we find the following statement of said rule, which has been followed by both Courts since that time:

> "The reason most frequently given in the decisions of this court for the rule that this court can not weigh the evidence, and therefore can not reverse for the reason that the preponderance of the evidence seems to be against the finding or verdict, is that the opportunities and means of the court and jury trying the case are so vastly superior to those of this court, they being able to see the witnesses face to face, to observe their conduct, appearance and demeanor on the witness stand, and thus judging of their intelligence, fairness and candor and many other means of weighing evidence that this court can not have, that it is deemed safer to leave that duty to be performed exclusively by them . . ."

The Appellants' second alleged error in the Motion for a New Trial is that the verdict of the jury is contrary to law. It is the general rule that if the undisputed evidence entitled a litigant to a verdict which has been denied him, such verdict is contrary to law. On appeal, to

determine this question, we may consider only the evidence most favorable to the appellee, together with all reasonable inferences which may be drawn therefrom. *Hinds, Executor of the estate of Sickels, deceased, etc.,* v. *McNair, et al.,* (1955), 235 Ind. 34, 41, 129 N. E. 2d 553.

It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court or jury has reached an opposite conclusion, that the decision of the trial court or the verdict of the jury will be set aside on the ground that it is contrary to law. *Pokraka et al.,* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

We have reviewed the evidence in the record now before us and we cannot say, as a matter of law, that such evidence is without conflict and leads to but one conclusion, which was opposite to that the jury reached.

The Appellant's specifications 4, 5, 6 and 7 of the Motion for New Trial assert error in excluding certain exhibits from the evidence upon objection of the Appellee. In order for the Appellants to have asserted this error on appeal, it would have been necessary for the Appellants to set forth in their motion for new trial, the evidence showing the offer or tender of said exhibits, the objections made thereto, the ruling of the trial court thereon, and the offer to prove. Wiltrout's Indiana Practice Vol. 2, Sec. 1770, p. 539; *White, et al.,* v. *Lafoon* (1963), 135 Ind. App. 100, 107, 192 N. E. 2d 474; *Matthews* v. *Adoniram Grand Lodge, etc.* (1958), 129 Ind. App. 395, 400, 154 N. E. 2d 806; *Hunt* v. *State of Ind.* (1956), 235 Ind. 276, 281, 133 N. E. 2d 48. This the Appellants failed to do. Consequently, no question is presented for our consideration by said specifications number 4, 5, 6 and 7.

The Appellants' last contention is that the trial court erred in giving the plaintiff's instructions numbers 4 and 10. These instructions and the objections made thereto are as follows:

## INSTRUCTION NO. 4.

"You are instructed that there is no question raised by the pleadings in this case concerning fraud in connection with the resale of the property by the plaintiff. Therefore, if the plaintiff conducted a sale in accordance with the requirements of the law, the amount received or bid at said sale shall be evidence of the true value of said property. *Dehority* v. *Paxon* (1888), 115 Ind. 124."

The objection to said Plaintiff's instruction No. 4, is as follows:

"Mr. Freije: There was no mention of fraud in this case. Where this Instruction reads: 'the amount received or bid at the sale shall be conclusive evidence of said property,' you put the word 'conclusive' in and you are invading the province of the Jury."

"Judge Mance: Strike out 'conclusive' and make it read 'evidence of the true value', adding the word 'true'."

"Mr. Freije: We still object."

"Mr. Freije: We further object to Plaintiff's Tendered Instruction No. 4 for the reason that it is contrary to the law and contrary to the Statutes of 1935, 'Conditional Sales Act' (as amended)."

## INSTRUCTION NO. 10.

"You are instructed that in connection with the notices of sale published, posted and mailed and the conduct of the sale of the property covered by the conditional sale contracts as required by The Indiana Conditional Sales Act, substantial compliance is sufficient. Substantial compliance means that if the defendants were not prejudiced or harmed by reason of defects in the notices of sale or the publishing, posting and mailing of notices of sale or in the conduct of the sale of the property repossessed, such notices of the sale and the publishing, posting and mailing thereof and the conduct of the sale were in substantial compliance with The Uniform Conditional Sale Act and the defendants can not complain of such defects. *Bulldog Concrete Forms Sales Corp.* v. *Taylor* (1952), 195 F. 2d 417, 49 A.L.R. 2d 1, 14."

The objection to said Plaintiff's instruction No. 10, is as follows:

"Mr. Freije: I think this invades the province of the jury where it deals with sufficiency of notice, then saying this: 'and the Defendants cannot complain of such defects'."

"We feel that sufficiency of notice should be determined by the Jury."

"Judge Mance: Plaintiff's No. 10 is given."

"Mr. Freije: In addition, we feel this Instruction is contrary to the law."

We feel that both instructions were proper and applicable under the issues of this case.

Concerning instruction number 4, it is the general rule that a party may not successfully complain of the modification of an instruction where he has not been harmed by the modification. See *Espenlaub et al.* v. *Ellis* (1904), 34 Ind. App. 163, 72 N. E. 527. Moreover, said instruction is not contrary to law because the instruction is correct as to the point of law involved in the particular issues of said cause. See *Moorman* v. *Hudson* (1890), 125 Ind. 504, 508, 25 N. E. 593; *Dehority* v. *Paxon et al.* (1888), 115 Ind. 124, 17 N. E. 259; *Lee* v. *Fox, et al.* (1887), 113 Ind. 98, 14 N. E. 889.

Concerning instruction number 10, it is apparent to us that the giving of instruction number 10 by the trial court was for the purpose of instructing the jurors on a particular question which they had to decide under the issues and the evidence given in said cause, and on how to apply the applicable law to the facts of the case. Therefore, such instruction is not contrary to law, and does not invade the province of the jury. See Sec. 58-817, Burns' Indiana Statutes.

In our opinion, this case presented a factual situation upon which the jury might very well have returned a verdict either way in accordance with where it found the preponderance of the credible evidence rested. On the face of this record which discloses no error of law, we must affirm the judgment.

Carson, C. J., Faulconer and Prime, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 655.