The Terre Haute and Indianapolis Railroad Company *v.* Clem.

ations, showing that the appellee was a mere surety in the judgment upon which he is seeking execution, then a different question would be presented. But as the right to such execution can not exist without a trial and determination of the question involving the liability of the appellant upon his implied promise to indemnify the appellee on account of becoming his surety on the note which was the foundation of the judgment, we think the action should have been brought within six years from the date of the payment of the judgment. It is the finding and decree now entered which fixes the liability of the appellant to the appellee, and not the original judgment.

Judgment reversed, with directions to the circuit court to overrule the demurrer to the second paragraph of the appellant's answer, and for further proceedings not inconsistent with this opinion.

MITCHELL, C. J., took no part in the decision of this cause.

Filed Feb. 8, 1890; petition for a rehearing overruled March 20, 1890.

----

| | |
|---|---|
| 123 | 15 |
| 126 | 233 |
| 126 | 394 |
| 123 | 15 |
| 129 | 457 |
| 123 | 15 |
| 140 | 278 |
| 123 | 15 |
| 151 | 658 |
| 152 | 618 |
| 123 | 15 |
| L159 | 105 |

No. 13,693.

THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY *v.* CLEM.

NEGLIGENCE.—*Injury at Crossing.*—*Presumption.*—It is the duty of a railroad corporation to so construct and maintain its crossings that they may be safely used by persons travelling the highway. For a negligent breach of this duty it must answer in damages to one who exercises ordinary care, and sustains an injury from the breach of duty by the company. But the presumption of negligence which prevails in cases where passengers are injured while on the trains of the carrier does not obtain where injury is received at a crossing.

The Terre Haute and Indianapolis Railroad Company *v.* Clem.

SAME.—*Repair of Crossing.—Evidence.*—It was error to permit the plaintiff to prove that after the accident occurred the defendant changed and repaired the crossing.

SAME.—*Evidence of Subsequent Repairs.*—Evidence of repairs made after an injury has been sustained is incompetent to show antecedent negligence.

SAME.—*Due Care.—Exercise of.—How Determined.*—As a general rule, the law does not require any one to exercise extraordinary care or vigilance. In the present case due care was all that was required. Whether due care was used must be determined by the precedent facts and attendant circumstances, not from what subsequently occurs.

From the Carroll Circuit Court.

*W. H. Russel, F. F. Moore, J. G. Williams* and *S. O. Bayless,* for appellant.

*L. D. Boyd* and *L. G. Beck,* for appellee.

ELLIOTT, J.—The appellee recovered a judgment for damages for an injury to a horse which he was driving. The theory of the appellee is that the appellant was negligent in constructing a crossing at a point where its railroad crossed a public road, and that the injury to his horse was caused by the appellant's negligent breach of duty.

It is quite well settled that it is the duty of a railroad corporation to so construct and maintain its crossings that they may be safely used by persons travelling the highway, and that for a negligent breach of this duty it must answer in damages to one who exercises ordinary care and sustains an injury from the breach of duty by the company. *Evansville, etc., R. R. Co.* v. *Crist,* 116 Ind. 446 ; *Evansville, etc., R. R. Co.* v. *Carvener,* 113 Ind. 51 ; *Indianapolis, etc., R. R. Co.* v. *Stout,* 53 Ind. 143.

The appellee's counsel are in error in assuming that the same rule applies to actions for the recovery of injuries received at a crossing that applies in cases where passengers are injured while on the trains of the carrier. The presumption of negligence which prevails in such cases does not obtain in such a case as this, and the cases of *Cleveland, etc., R. R.*

Co. v. *Newell,* 104 Ind. 264, and *Terre Haute, etc., R. R. Co.* v. *Buck,* 96 Ind. 347, are not in point.

The evidence upon the question of negligence in this instance is not of that satisfactory character which authorizes us to declare that the judgment should be affirmed, although incompetent evidence was admitted. If, therefore, we find that incompetent evidence was permitted to go to the jury over the objection of the defendant, we must reverse the judgment.

The appellee was permitted to prove that after the accident occurred the appellant changed and repaired the crossing. This was error. Evidence of repairs made after an injury has been sustained, is incompetent to show antecedent negligence. This question was carefully considered by the Supreme Court of Minnesota, in the case of *Morse* v. *Minneapolis, etc., R. W. Co.,* 30 Minn. 464, and three of the earlier decisions of that court were overruled. In the course of the opinion in that case it was said : " But, on mature reflection, we have concluded that evidence of this kind ought not to be admitted under any circumstances, and that the rule heretofore adopted by this court is on principle wrong; not for the reason given by some courts, that the acts of the employees in making such repairs are not admissible against their principals, but upon the broader ground that such acts afford no legitimate basis for construing such an act as an admission of previous neglect of duty. A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so, and it would seem to be unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human

The Terre Haute and Indianapolis Railroad Company v. Clem.

conduct, and virtually holds out an inducement for continued negligence." The authorities are collected and discussed in the case of *Nalley* v. *Hartford Carpet Co.,* 51 Conn. 524, and it was there said: " The fact that an accident has happened and some person has been injured, immediately puts a party on a higher plane of diligence and duty from which he acts with a view of preventing the possibility of a similar accident, which should operate to commend rather than condemn the person so acting. If the subsequent act is made to reflect back upon the prior one, although it is done upon the theory that it is a mere admission, yet it virtually introduces into the transaction a new element and test of negligence which has no business there, not being in existence at the time." The question received consideration in the very recent case of *Hodges* v. *Percival* (Ill.), 23 N. E. R. 423, and in the course of the discussion the court said: " The happening of an accident may inspire a party with greater diligence to prevent a repetition of a similar occurrence, but the exercise of such increased diligence ought not, necessarily, to be regarded as tantamount to a confession of past neglect." The rule asserted in the cases from which we have quoted is declared in many other cases. *Dougan* v. *Champlain Transportation Co.,* 56 N. Y. 1; *Baird* v. *Daly,* 68 N. Y. 547; *Dale* v. *Delaware, etc., R. R. Co.,* 73 N. Y. 468; *Salters* v. *President, etc., Canal Co.,* 3 Hun, 338; *Payne* v. *Troy, etc., R. R. Co.,* 9 Hun, 526; *Cramer* v. *City of Burlington,* 45 Iowa, 627; *Hudson* v. *C. & N. W. R. R. Co.,* 59 Iowa, 581; *Ely* v. *St. Louis, etc., R. W. Co.,* 77 Mo. 34.

The rule stated and enforced in the cases referred to is the only one that can be defended on principle. To declare the evidence competent is to offer an inducement to omit the use of such care as the new information may suggest, and to deter persons from doing what the new experience informs them may be done to prevent the possibility of future accidents. The effect of declaring such evidence competent is to inform a defendant that if he makes changes or repairs he

does it under penalty ; for, if the evidence is competent, it operates as a confession that he was guilty of a prior wrong. If it is competent, then it would be the duty of the court to charge the jury that they must regard the making of subsequent repairs as evidence of antecedent negligence ; and this, certainly, would violate settled principles, for it is what occurs prior to the action, and not what happened afterwards, that determines whether there has or has not been a culpable breach of duty. If, for example, the owner of a mill, or factory, repairs or improves it after an accident has happened, so as to prevent the possibility of future accidents, the just inference is, not that he was previously guilty of negligence, but that, prompted by humane motives, and influenced by the new information supplied by the fact that an accident has happened, he has exerted extraordinary care, and taken such precautionary measures as render it impossible that any one should be injured in the future. It is unjustly reversing the presumptions to hold that such an owner improves, or repairs, because he was, at sometime anterior to the time of making the improvements or repairs, guilty of an actionable wrong. True policy and sound reason require that men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrong-doers. A rule which so operates as to deter men from profiting by experience, and availing themselves of new information has nothing to commend it, for it is neither expedient nor just.

Accidents do happen, despite the utmost care and diligence ; but, with very rare exceptions, the happening of an accident does not of itself supply grounds for inferring negligence. It is common knowledge that accidents occur which even the highest degree of care can neither anticipate nor prevent ; but, in cases where an extraordinary accident happens, which ordinary prudence could not have foreseen,

or anticipated, neither a natural nor an artificial person is liable.   *Wabash, etc., R. W. Co.* v. *Locke,* 112 Ind. 404.

The law does not, as a general rule, require any one to exercise extraordinary care or vigilance.

The question in this case, and in all others like it, is, whether the defendant, prior to the accident, used due care, and whether due care was, or was not used, must be determined by the precedent facts and attendant circumstances, not from what subsequently occurs.   If a person does all that is reasonable under the facts as they exist, and are known at the time of the injury, or at some antecedent time, he is not a wrong-doer, for no one is bound to anticipate and provide against unusual and unexpected accidents.   In *Lane* v. *Atlantic Works,* 111 Mass. 136, it was said :   " The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which arise."   Events may cast their shadows before so as to render an act wrong, but they can not cast them backward over an act not wrong when it was performed, and make it a tortious one.

The fact that the happening of an accident may convey information producing a conviction or belief that had extraordinary precaution been taken the injury would have been prevented, does not legitimately tend to prove that ordinary care and vigilance were not exercised.   All may be done that ordinary care required, and yet a person satisfied by experience that a higher degree of care may insure absolute safety, may employ extraordinary means to prevent accidents in the future.   In doing this he does what is commendable, and certainly he ought not to be restrained or checked by the fear that if he does resort to unusual means to insure safety, he may be treated as one who confesses that he was a wrong-doer when the accident occurred.   It is unjustly burdening one who, influenced by the light supplied by events, resorts to greater precautions to insure the safety of others.

The incidental remark made in the case of *City of Goshen* v. *England,* 119 Ind. 368, can not be considered as an authoritative affirmation of the right to adduce evidence of subsequent repairs to prove precedent negligence.

Judgment reversed, with instructions to award a new trial.

Filed March 19, 1890.