Filed October 17, 1891.

———◆———

No. 15,285.

THE BOARD OF COMMISSIONERS OF WABASH COUNTY *v.* PEARSON.

NEGLIGENCE.—*Evidence of Subsequent Repairs.*—Evidence of repairs made after an injury has been sustained is incompetent to show antecedent negligence.

From the Wabash Circuit Court.

*W. G. Sayre, C. E. Cowgill, H. B. Shiveley* and *H. C. Pettit,* for appellant.

*J. L. Farrar,* for appellee.

MILLER, J.—The appellee brought this action against the appellant to recover for personal injuries occasioned by the fall of one span of a bridge.

The evidence shows that the accident happened on the 24th of January, 1884. One span of the bridge remained standing in the month of March, 1884, when it was examined by the board of commissioners of the county, and an order made for the building of an entirely new bridge.

On the trial of this cause the court, over the objection of

the defendant, permitted the plaintiff to read in evidence the following record of the board referring to this bridge:

"And now the board take a recess to visit the bridge at Rich Valley, and on their return are of the opinion that the south span of said bridge now standing is unsafe and entirely too flimsy a structure on which to trust a heavy load, and they therefore conclude to build a new bridge entire, two spans of 137½ feet each, and do now award the contract for the same to the Wrought Iron Bridge Company, of Canton, Ohio, for the sum of $6,200 cash, and the old bridge delivered to said company as it is."

We are satisfied that the admission of this evidence was error, for which the judgment will have to be reversed.

In the case of *Terre Haute, etc., R. R. Co.* v. *Clem*, 123 Ind. 15, decided during the pendency of this appeal, it was held, after an extensive review of the authorities, that such evidence was not admissible.

The reasons given for the exclusion of such evidence are various. One is that subsequent acts ought not to be given in evidence to show antecedent negligence ; that it is that which occurs prior to the accident, and not that which has happened afterwards, that determines whether there has or not been a negligent discharge of duty. Another, and we think a better, reason is given in the following quotation from the opinion in *Terre Haute, etc., R. R. Co.* v. *Clem, supra:* " True policy and sound reason require that men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrong-doers."

In the recent cases of *Corcoran* v. *Village of Peekskill*, 108 N. Y. 151, *Menard* v. *Boston, etc., R. R. Co.*, 150 Mass. 386, and *Shinners* v. *Proprietors, etc.* (Mass.), 28 N. E. Rep. 10, this class of evidence has been held inadmissible.

The attempt is made by counsel for the appellee to distinguish between this evidence and that which the court held incompetent in the case of *Terre Haute, etc., R. R. Co.* v.

*Clem, supra,* because of the express statement in the record that the span was " unsafe and entirely too flimsy a structure on which to trust a heavy load."

It is sufficient to say, without giving other reasons, that the admission spoken of refers not to the span that fell, but to the one that remained standing. We have, then, an offer to prove an admission that, three months after the accident happened, another span of the bridge was unsafe. This was an offer, not to prove the direct issue in the case, but a collateral fact, aside from that in dispute, and, therefore, not admissible. *Cleveland, etc., R. W. Co.* v. *Wynant,* 114 Ind. 525.

Taking into consideration the nature and class of the evidence erroneously admitted, we are unable to say that the judgment is so clearly right that we should affirm it notwithstanding the action of the court in admitting incompetent evidence.

Judgment reversed, with costs.

Filed Nov. 5, 1891.