missions, and especially as to whether or not they amounted to a waiver of the denials in the answer. In view of this unsatisfactory state of the record, the stipulation should not be considered, and the questions presented by the appeal should be determined strictly according to the rules of pleading. According to these rules, the denials contained in the first part of the answer not having been reiterated or referred to in the further and separate defense, the said defense must stand or fall independently of them. Ency. of Pl. & Pr. vol. 1, p. 853, and cases there cited; Douglass v. Phenix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; Gray Lithograph Co. v. The American Watchman's Time Director Co., 44 Misc. Rep. 206, 88 N. Y. Supp. 857. On the other hand, the demurrer admits the truth of all the material allegations of the defense, and for the purpose of determining their sufficiency as a defense the material allegations of the complaint must be taken as admitted. To be sufficient, therefore, the defense in such a case must not only confess, but also avoid or bar. If it does not fully avoid or bar, the mere allegation of the answer of a contract of other terms or of a different character has no function or effect. Marx v. Gross, 2 Misc. Rep. 511, 22 N. Y. Supp. 393, affirmed 142 N. Y. 678, 37 N. E. 824: Fleischmann v. Stern, 90 N. Y. 110; Smith v. Coe, 170 N. Y. 162, 63 N. E. 57. Judged by these rules, the defense under consideration sets forth a contract of other terms and of a different character from the contract alleged in the complaint without avoiding or barring the latter, and the allegation of due performance relates to the former, and not to the latter. The decision in the Staten Island Midland R. R. Co. v. Hinchliffe, 170 N. Y. 473, 63 N. E. 545, has therefore no application.

For the foregoing reasons it was error for the court below to give judgment for the defendant overruling the demurrer on the theory that in the determination of the sufficiency of the further and separate defense the defendant was entitled to the benefit The judgment should be reversed, with costs, and judgment of the denials contained in the first part of the answer. ordered for the plaintiff, with costs, with leave to defendant to amend the answer upon payment of such costs. All concur.

(45 Misc. Rep. 587)

### FINE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. STREET RAILWAYS—INJURY TO PASSENGER BOARDING CAR—NEGLIGENCE—PLEADING AND PROOF.

A complaint alleging that plaintiff was injured by a fall from defendant's street car while in the act of boarding it, caused by its being started before he had been given reasonable opportunity to place himself in a position of security, does not require proof that it was started with more than ordinary violence.

2. SAME—NEGLIGENCE—EVIDENCE.

Testimony that defendant's car had come to a stop to take on passengers, and that plaintiff mounted the footboard, and had placed one foot

inside on the main platform, and was in the act of raising the other, so as to enter the car, when the car was started, with the result that he fell into the street, authorizes an inference that the fall was caused by the sudden movement of the car, and a finding of negligence on the part of those in charge of the car.

**3. SAME—PROXIMATE CAUSE—CONCURRENT NEGLIGENCE.**

The negligence in starting up a street car while one was boarding it, throwing him onto the ground, where he was run over by a truck, is a proximate cause of the injury, making the street railway company liable, notwithstanding the concurrent negligence of the driver of the truck.

**4. WITNESSES—PROOF OF BIAS—HARMLESS ERROR.**

A mere change in the order of proof, by allowing evidence of bias of witness before his testimony making it material to his credibility, is harmless.

**5. WITNESSES—BIAS—PARTY ENTITLED TO SHOW.**

Plaintiff may show bias of a witness first called by him, witness' first material testimony having been elicited by defendant.

**6. SAME.**

Though witness was first called by plaintiff, yet, his first material testimony having been elicited by defendant, defendant cannot impeach him as to such testimony.

Appeal from City Court of New York, Trial Term.

Action by Charles Fine against the Interurban Street Railway Company for injury to plaintiff through the starting of defendant's car while plaintiff was boarding it. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-DERSLEEVE, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Louis J. Vorhaus, for respondent.

BISCHOFF, J. The gravamen of the complaint was not, as counsel for the appellant contend, that the plaintiff sustained injury while in the act of boarding the defendant's car because it was suddenly started with a violent jerk, but that he sustained his injury by a fall from the car caused by its being started at all before he had been given reasonable opportunity to place himself in a position of security. This required no proof that the car was started with more than ordinary violence, since negligence of the defendant's employés was predicable of the fact alone that the car was started with unavoidable violence while the plaintiff was in the act of boarding it, if the defendant's employés could reasonably have apprehended that the starting of the car would render the plaintiff's position insecure. Keating v. N. Y. Cent., etc., R. Co., 49 N. Y. 673; De Rozas v. Met. St. Ry. Co., 13 App. Div. 296, 43 N. Y. Supp. 27; Black v. Brooklyn City R. Co., 108 N. Y. 640, 15 N. E. 389; Akersloot v. Second Av. R. Co., 131 N. Y. 599, 30 N. E. 195, 15 L. R. A. 489; Wallace v. Third Ave. R. Co., 36 App. Div. 57, 55 N. Y. Supp. 132. The plaintiff testified that the car, which was an ordinary open one, having a footboard running the length

¶ 5. See Witnesses, vol. 50, Cent. Dig. §§ 1094, 1099.

of its side, had come to a stop for the purpose of taking on passengers; that he mounted the footboard, had placed one foot inside on the main platform of the car, and was in the act of raising the other, so as to enter the car, when the latter was started, with the result that he fell into the street; and that the fingers of one of his hands were crushed by the wheel of a passing truck. It was a fair inference from this that the fall was caused by the sudden movement of the car, and, within the authorities cited, the facts sufficed for a finding of negligence upon the part of the defendant's employés charged with the management of the car. The defendant sought to show that the plaintiff was not upon the car at all, and that he received his injury from collision with the truck in his efforts to reach the car. The plaintiff, however, was directly corroborated by an apparently disinterested witness; and, upon the conflict of evidence concerning the occurrence of the accident, we cannot say that the jury were not justified in finding the plaintiff's version to have been the true one.

Moreover, the negligence of the defendant's employés was an efficient, and therefore a proximate, cause of the plaintiff's injury. While upon the car he was in a position of comparative security from injury by passing vehicles. Assuming, therefore, that the driver of the truck was also chargeable with negligence, it remains that, but for the conduct of the defendant's employés in causing the car to start before the plaintiff had reached a position of safety, he would not have fallen, and so would have been immune from injury by the truck. The concurrent negligence of the driver of the truck would not have the effect of absolving the defendant from liability for the negligence of its employés, if such negligence efficiently contributed to cause the plaintiff's injury; and, for the predicament of negligence as an efficient or proximate cause of injury, it is enough that, in the exercise of reasonable care, the person or persons charged with negligence might reasonably have foreseen that some injury would result from his or their conduct. It need not be shown that he or they could reasonably have anticipated the actual consequences. Lilly v. N. Y. Cent., etc., R. Co., 107 N. Y. 566, 14 N. E. 503; Lowery v. Manhattan Ry. Co., 99 N. Y. 158, 1 N. E. 608, 52 Am. Rep. 12; 21 Am. & Eng. Ency. of Law, 487.

The exceptions taken to the charge of the trial court respecting the testimony of Snyder, the driver of the truck, afford no ground for reversal of the judgment; the questions presented, because of the state of the record, being wholly academic. The witness was first called for the plaintiff, and, it appearing that he was also under subpœna by the defendant, his direct examination was confined to a showing that he was under influence by the defendant, and biased against the plaintiff. So far, therefore, his testimony was wholly immaterial. Upon cross-examination, however, he was asked concerning the occurrence of the accident, and the testimony then given tended to corroborate the defendant's contention that the plaintiff sustained his injury by collision with the truck. Proof of bias was then material to the witness' credibility, and,

while ordinarily such proof should be deferred until the witness has testified upon the issues, the fact that this witness was permitted to testify concerning the main facts affects only the order of proof, and cannot be said to have prejudiced the defendant. Neither was the plaintiff precluded from showing bias of the witness, or that his recollection of the occurrence was unreliable, because of the fact that he was first called by the plaintiff; the witness' first material testimony having been elicited by the defendant. Fall Brook Coal Co. v. Hewson, 158 N. Y. 150, 52 N. E. 1095, 43 L. R. A. 676, 70 Am. St. Rep. 466. The trial court therefore properly refused to charge the jury, as requested by the defendant's counsel, that the plaintiff was bound by all of Snyder's testimony, and estopped from impeaching his credibility respecting every part of it; and no error is apparent from the court's charge that, in so far as the defendant's counsel elicited the witness' testimony bearing upon the happening of the accident, the defendant could not impeach him. So far he was the defendant's witness, and his testimony in accord with the defendant's contention respecting the manner in which the accident was brought about. There was no attempt by the defendant to show the witness to have been mistaken, and, having made him its own respecting the material testimony hereinbefore alluded to, it was not competent to the defendant thereafter to urge that the witness was unworthy of belief.

The judgment and order appealed from should be affirmed, with costs. All concur.