TUCKER & DORSEY MANUFACTURING COMPANY *v.* STALEY.

[No. 5,969.   Filed April 12, 1907.]

1. NEGLIGENCE.—*Contributory.*—*Proximate Cause.*—*Interrogatories to Jury.*—*When Controlling.*—Proximate cause and contributory negligence are questions of fact; and answers to the interrogatories to the jury control the general verdict only when irreconcilable therewith upon any supposable hypothesis within the issues. p. 65.

2. NEGLIGENCE.—*Master and Servant.*—*Factory Act.*—*Dangerous Machinery.*—*Proximate Cause.*—Where the evidence shows that the master failed to guard a circular saw and that a servant was injured by such saw, a finding that the absence of a guard was the proximate cause of such injury, is warranted. p. 65.

3. SAME.—*Proximate Cause.*—*Contributing Causes.*—*Master and Servant.*—*Liability.*—The fact that there were other contributing causes besides the absence of a guard, will not relieve the master whose servant was injured by an unguarded circular saw at which he was working. p. 66.

4. SAME.—*Proximate Cause.*—*Injury.*—*Anticipation of.*—It is not necessary for the servant to show that his precise injury could or should have been anticipated, his injury resulting from the master's breach of a legal duty being sufficient to establish the master's liability. p. 66.

5. MASTER AND SERVANT.—*Factory Act.*—*Care Required by Servant.* —The servant who works at an unguarded circular saw, is required to use ordinary care only. p. 66.

6. SAME.—*Factory Act.*—*Dangerous Machinery.*—*Notice.*—*Contributory Negligence.*—Notice of the unguarded condition of a circular saw does not constitute the servant working thereat guilty of contributory negligence as a matter of law. p. 67.

7. SAME.—*Factory Act.*—*Dangerous Machinery.*—*Use of Unguarded Saw.*—*Contributory Negligence.*—The facts that a servant has at former times used the unguarded saw in question without injury, that the board he was cutting was not laid crosswise against the saw, and that the board lay on the table after the accident, are not conclusive of contributory negligence as a matter of law. p. 67.

8. TRIAL. — *Instructions.* — *Master and Servant.* — *Negligence.* — *Factory Act.*—An instruction, in an action by a servant for injuries received because of the master's violation of the factory act, that a failure by the master to guard the circular saw in question, if possible and practicable, was negligence, and if the servant, without contributory fault, was injured by reason thereof, he should recover, is not erroneous. p. 67.

From Superior Court of Marion County (68,363) ; *Vinson Carter,* Judge.

Action by John T. Staley against the Tucker & Dorsey Manufacturing Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John B. Elam* and *James W. Fesler,* for appellant.

*Frank P. Baker, M. A. Ryan* and *John C. Ruckelshaus,* for appellee.

ROBY, P. J.—Action by appellee. The complaint was in one paragraph. Appellant answered it by general denial. The issue thus joined was tried by a jury, which returned a verdict for appellee, with answers to eighty-five interrogatories. Its motion for judgment on the answers to interrogatories was overruled, and an exception reserved. It then filed its motion for a new trial, which was also overruled, to which action it excepted. Judgment was then rendered upon the verdict for $1,250. The errors assigned challenge the correctness of the ruling upon each of said motions.

It is averred in the complaint that appellee was injured by reason of his hand's coming in contact with a circular saw operated by appellant in a factory and mill where he was working as its employe. The negligence charged is that appellant had failed to protect said saw with any guard or covering, as it should have done.

Appellant's proposition in support of its motion for judgment on the answers to the interrogatories, notwithstanding the general verdict, are that such answers show that

1. the negligence complained of was not the proximate cause of the injury, and that appellee was contributorily negligent in failing to give reasonable attention to the movement of his hands. Proximate cause and contributory negligence are both primarily questions of fact, and the presumptions which attend the general verdict can only be overthrown, as has been frequently declared, when the specific facts exhibited are inconsistent with any hypothesis which might have been proved under the issues. The purpose of the legislature in enacting the statute requiring dangerous machinery to be guarded was to prevent accident. Given,

2. the absence of a proper guard and an injury to an employe coming in contact with a circular saw, the finding that the absence of such guard was the proximate cause of the injury is not unwarranted. To hold that

the absence of such guard cannot be the proximate cause of an injury so received would be to destroy the statute.

3. That other causes contribute and assist in bringing about the accident will not relieve the negligent employer from liability. *Espenlaub* v. *Ellis* (1904), 34 Ind. App. 163. A proper guard might not have prevented the injury, but the finding is otherwise. That some one might come in contact with unguarded saws was so probable that the legislature passed an act requiring them to be guarded.

4. So far as the question of proximate cause is concerned, it is not necessary that appellant should have anticipated the particular injury which resulted. *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413. It is quite sufficient that the performance of the statutory duty might, and as the jury found would, have prevented it. The question, as before stated, was one of fact, and no amount of logic authorizes us to disregard the verdict. *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308; *Windeler* v. *Rush County Fair Assn.* (1901), 27 Ind. App. 92; *Davis* v. *Mercer Lumber Co., supra.* Appellee was not required to exercise the best possible judgment. The care which

5. an ordinarily prudent man would have exercised under the same circumstances was required of him. *Baltimore, etc., R. Co.* v. *Cavanaugh* (1905), 35 Ind. App. 32. The answers are not inconsistent with the exercise of such care, and the court did not error in overruling the motion for judgment.

The same propositions are argued in support of the second error assigned. That the accident might not have happened had the saw been guarded, as the statute required it should be, and as the findings show it could have been, is evident, and the verdict is therefore not without support.

There is evidence that appellee was giving undivided attention to his work, and the mere fact that it was within

his knowledge that the saw was not guarded does not establish contributory negligence. *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607. Nor does the conclusion follow from the fact that he had at other times used the saw without injury, nor from the fact that the board being cut was not crosswise against the saw, nor because such board lay on the table after the accident. The verdict upon this part of the cause was not contrary to the evidence. *Espenlaub* v. *Ellis, supra; Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368.

The fifth instruction given by the court was in terms as follows: Under the statutes of this State, it is made the duty of a person or corporation engaged in operating any factory in which a saw or saws are used, whenever and wherever possible and practicable to do so, to construct and place guards over such saws for the protection of the employe or person who may be employed to use such saws; and a failure on the part of such manufacturers so to guard such saws, when it is possible and practicable so to do, would be negligence on the part of such manufacturer, and if the employe who may be using such saw in the line of his employment and duty should be injured by reason of the failure so to guard such saw, and such employe should be without fault contributing to his injury, then such manufacturer would be liable to such employe in damages for such injury.

The statute provides that all "saws * * * shall be properly guarded," etc. §7087i Burns 1901, Acts 1899, p. 231, §9. In *Davis* v. *Mercer Lumber Co., supra,* the facts under consideration being closely analogous to those involved in this action, the Supreme Court said of the section cited: "The evidence shows that it was practicable and possible for appellee to guard the saw in question. * * * It was made the imperative duty of the appellee, if pos-

sible, properly to guard the saws and machinery which it used in operating its planing mill." "It follows that appellee, being a manufacturer, and using said machine in its manufacturing establishment, owed to its workman the certain and fixed duty- of properly guarding it." *Green* v. *American Car, etc., Co.* (1904), 163 Ind. 135. "An absolute and specific duty." *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 58 L. R. A. 944. The mandate of the statute is "shall be properly guarded." This "imperative duty" is limited by the court to cases in which it is both possible and practicable to perform it. Except for such limitation the trial court would have instructed that it was the absolute duty of appellant properly to guard, etc. The instruction given was one of which appellant had no cause to complain. *Baltimore, etc., R. Co.* v. *Cavanaugh, supra; Davis* v. *Mercer Lumber Co., supra.* The terms used in the instruction are the same terms used by the Supreme Court, and correctly express the law.

Judgment affirmed.